[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10884
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:09-cr–00241-WSD-ECS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAMADOU SADIO BARRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mamadou Sadio Barry appeals his conviction for felony copyright

infringement, in violation of 17 U.S.C. § 506(a), 18 U.S.C. §§ 2319(a), (b)(1) and (2). Barry argues that the district court erred in denying his motion to suppress three incriminating statements that he made to law enforcement, and in ruling that certain evidence of his prior similar acts was admissible, pursuant to Fed.R.Crim.P. 404(b).

## I. Motion to Suppress Incriminating Statements

Barry argues that three statements that he made to law enforcement should have been suppressed because they were involuntarily made. He argues that the police presence prior to each of his interviews created an intimidating environment, in which he believed that he had no alternative but to make incriminating statements, and he was not given his *Miranda*[1] warnings prior to the questioning.

We review a district court's denial of a motion to suppress as a mixed question of law and fact. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). Rulings of law are reviewed de *novo*, while the district court's findings of fact are reviewed for clear error and viewed in the light most favorable to the prevailing party. *Id.*

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 458-71, 86 S.Ct. 1602, 1619-26, 16 L.Ed.2d 694 (1966).

Supreme Court in *Miranda* "established that custodial interrogation cannot occur before a suspect is warned of [his] rights against self-incrimination." *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007). Statements made in violation of *Miranda* are not admissible at trial. *Miranda*, 384 U.S. at 444-45, 86 S.Ct. at 1612. We have described the test for determining custody as follows:

> A defendant is in custody for the purposes of *Miranda* when there has been a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. Whether [a defendant] was in custody prior to his formal arrest depends on whether under the totality of the circumstances, a reasonable man in his position would feel a restraint on his freedom of movement to such extent that he would not feel free to leave. The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant. Under the objective standard, the reasonable person from whose perspective 'custody' is defined is a reasonable innocent person.

*United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (quotations, citations, alteration, and emphasis omitted). We are to consider several factors in determining custody, "including whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled." *United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006) (quotation omitted).

If a court determines that the requirements of *Miranda* have been met, it must then determine that any confessions or incriminatory statements made by a

3

defendant were voluntary in order to admit such statements at trial. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1317-18 (11th Cir.), *cert. denied*, 130 S.Ct. 2123 (2010). With respect to the admissibility of incriminatory statements and confessions made by a defendant to police, we consider:

> the totality of the circumstances, including the details of the interrogation and the defendant's characteristics, when deciding whether a confession was voluntary. We focus on whether the police overreached, considering factors such as the accused's lack of education, or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep.

*Id.* at 1319 (citation, quotations, and alteration omitted).

The district court did not err in denying Barry's motion to exclude his three incriminating statements because, in each circumstance, the statements were made voluntarily during a non-custodial interview. Barry was not "in custody" during the interviews because, objectively, a reasonable innocent person would have felt free to leave or terminate the interview, and as such, *Miranda* requirements did not apply. Further, although several officers were present executing search warrants prior to each of Barry's interviews, his statements were voluntary because, during each brief interview, Barry was not threatened or physically detained. The officers did not brandish their weapons, and Barry was interviewed calmly in a private area. Under the totality of the circumstances, the evidence supports a conclusion

4

that Barry's will was not overborne merely by the police presence prior to his interviews.

## II. Rule 404(b) Evidence of Prior Acts

Barry argues that the district court erred in denying his motion *in limine* to exclude evidence of his December 2, 2004, encounter with police. He asserts that this evidence was improperly admitted, under Rule 404(b), because the 2004 encounter occurred approximately five years prior to the charged conduct and was not necessary to aid the jury in rendering its verdict. As such, he alleges that the probative value of this evidence was outweighed by unfair prejudice.

We ordinarily review the district court's evidentiary rulings for abuse of discretion. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). However, "the overruling of a motion *in limine* does not suffice" for preservation of an objection on appeal, and as such, we review only for plain error where the defendant objects to Rule 404(b) evidence in a motion *in limine*, but fails to renew his objection at trial. *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011). Under plain error review, an appellant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

"Federal Rule of Evidence 404(b) provides that 'evidence of other crimes, wrongs, or acts' is inadmissible to prove the defendant's bad character in order to show conduct in conformity therewith." *Brown*, 665 F.3d at 1247. However, such evidence is admissible for other purposes, such as to prove intent or absence of mistake. *Id.*; Fed.R.Evid. 404(b). We follow a three-prong test for admissibility under Rule 404(b), and in order to be admissible: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the prior act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be outweighed by its undue prejudice. *Matthews*, 431 F.3d at 1310-11.

"A defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Where prior act evidence is offered as evidence of intent, the extrinsic offense must require the same intent as the charged offense. *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001). With respect to the second prong, "the uncorroborated word of an accomplice provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under

Rule 404(b)." *Id.* (quotations and alterations omitted). As to the third prong, the district court should consider factors such as the government's need for evidence of intent, the similarity between the charged and extrinsic offenses, and the time elapsed between the charged and extrinsic offenses. *Id.*

Because questions of "impermissible remoteness are so fact-specific," we have declined to adopt a bright-line rule regarding temporal proximity between the extrinsic act and the charged offense, and accordingly, the "appellant bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." *Matthews*, 431 F.3d at 1311-12 (quotations and citations omitted). We have concluded that an intervening period of as much as 15 years did not render evidence of prior convictions inadmissible. *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995). "A limiting instruction can diminish any unfair prejudice caused by the evidence's admission." *Brown*, 665 F.3d at 1247 (citing *Spoerke*, 568 F.3d at 1251). Rule 404(b) is a rule of inclusion, and evidence should not be excluded where it is central to the prosecution's case. *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006).

Given the relevance of Barry's prior conduct, its similarity with the charged offenses, the government's need to prove intent, and the fact that Rule 404(b) is a rule of inclusion, the district court did not plainly err by admitting evidence of

Barry's prior involvement with trafficking in counterfeit materials.

Upon review of the record, and consideration of the parties' briefs, we affirm.

**AFFIRMED.**